IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOEY PEREA

    Plaintiff,

v.                                      Case No. 13-cv-561 GBW/SMV

CITY OF LAS CRUCES *et al.*

    Defendants.

## ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' Partial Motion to Dismiss for Failure to State a Claim.  *Doc. 5*.  Having reviewed Defendants' Motion, and being fully fully advised, the Court finds that the Motion should be granted.

Plaintiff brought the instant action on June 17, 2013, alleging violations of his Fourth, Fifth, Sixth and Fourteenth Amendment rights during an arrest made by Las Cruces Police Department (LCPD) officers.  *See generally doc. 1.*  In his suit, he names the following Defendants: the City of Las Cruces, the Las Cruces Police Department, and LCPD officers Richard Garcia, Gil Mora, and Isaiah Baker, in both their individual and official capacities.  *Id.* at 1.

On July 23, 2013, Defendants filed the instant motion to dismiss, contending that (1) the official capacity suits against the individual officers should be dismissed as redundant considering the City of Las Cruces has also been sued; and (2) that the LCPD is not a proper party because it is not amenable to suit.  *See generally doc. 5.*  Plaintiff has

not responded to this motion and the time for response is long elapsed. D.N.M.LR-Civ. 7.4 (providing for fourteen days to file a responsive briefing to motions).

The Court finds Defendants' motion to be meritorious. First, as to the individual officers sued in their official capacity, "[t]here is no . . . need to bring official-capacity actions against local government officials, for under *Monell*, *supra*, local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 163 n.14 (1985). Here, as Defendants correctly point out, the local government has been sued, rendering the addition of official capacity defendants superfluous. *See, e.g. Starrett v. Wadley*, 876 F.2d 808, 813 (10th Cir.1989) (despite presence of official capacity claim, "the appeal effectively is between only two parties: the County and plaintiff"); *Houston v. Reich,* 932 F.2d 883, 889 (10th Cir. 1991); *Doe v. Douglas Cty Sch. Dist.*, 775 F. Supp. 1414, 1416 (D. Colo. 1991) ("redundant" official capacity claim dismissed); *Jungels v. Pierce*, 825 F.2d 1127 (7th Cir. 1987)( whenever a complaint names both a municipality and one of its officials sued only in his official capacity, "there is only one defendant—the City—not two"). Further, Defendants are correct that the LCPD, as a subsidiary of the City of Las Cruces, and therefore not directly subject to suit. *Biehl v. Salina Police Dept.*, 256 F. App'x 212, 215 (10th Cir. 2007)(citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)).

In addition to being meritorious, the Court also grants Defendants' motion based on Plaintiff's failure to file a response. D.N.M.LR-Civ. 7.1(b)("The failure of a party to

2

file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").

For the forgoing reasons, the Court GRANTS Defendants' Partial Motion to Dismiss. *Doc. 5.* The official capacity claims against Defendant Officers Garcia, Mora, and Baker are dismissed. Further, Defendant LCPD is dismissed from this action.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding with consent**