# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOEY PEREA,

    Plaintiff,

    v.                             2:13-cv-0561-GBW-LAM

RICHARD GARCIA, *et al.*,

    Defendants.

### COURT'S FINAL JURY INSTRUCTIONS

The Court will provide the following instructions to the jury after the close of the evidence and prior to closing arguments.

 

_____
GREGORY B. WORMUTH
United States Magistrate Judge
**Presiding by Consent**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOEY PEREA,

     Plaintiff,

v.                                        2:13-cv-0561-GBW-LAM

CITY OF LAS CRUCES, *et al.*,

     Defendants.

## JURY INSTRUCTIONS

_____

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply.  Please pay close attention to these instructions.  I will read them only once, but the written instructions will be given to you to take to the jury room.

It is your duty to follow the law as I give it to you.  You must consider these instructions as a whole, not picking out one instruction, or parts thereof, and disregarding others. Faithful performance by you of your duties is vital to the administration of justice.

On the other hand, you the jurors are the sole judges of all disputed questions of fact. Do not consider any statement or ruling that I have made in the course of trial or in these instructions as an indication that I have any opinion about the facts of this case.  It is your duty to determine the true facts from the evidence produced here in open court. Your verdict should not be based on speculation, guess, or conjecture.  Neither sympathy nor prejudice should influence your verdict.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments, or statements, on the evidence and the law.  These summaries can be of considerable assistance to you in arriving at your decision and you should listen carefully.  You may give them such weight as you think proper.  However, neither these final discussions nor any other remarks or arguments of the attorneys made during the course of the trial are to be considered by you as evidence or as correct statements of the law, if contrary to the law given to you in these instructions.

INSTRUCTION 1

The jury acts as a body and it is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.  On every question which the jury must answer it is necessary that all jurors participate. Before a question can be answered, all of you must agree upon each answer.  In other words, your verdict must be unanimous.

INSTRUCTION 2

As stated earlier, it is your duty to determine the facts and in so doing you must consider only the evidence I have admitted in the case.  The evidence consists of the testimony of the witnesses, the exhibits admitted into evidence by the court, and any facts admitted or agreed to by counsel.

Certain things are not evidence and must not be considered by you.

(1) Statements, arguments and questions by lawyers are not evidence.

(2) Objections to questions or exhibits are not evidence. Lawyers have an obligation to their clients to object when they believe evidence being offered is improper under the Rules of Evidence. You should not be influenced by the objection or by my ruling on it. If the objection is sustained, ignore the question. You should not consider what would or would not have been the answers to the questions which the court ruled could not be answered.

(3) Testimony that I have excluded or told you to disregard is not evidence.

(4) Anything that you may have seen or heard outside the courtroom is not evidence. You are to decide the case solely on the evidence presented here in court.

As we proceed through these instructions, I will also give you further direction regarding certain types of evidence.

INSTRUCTION 3

Now, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses have testified to the contrary, if after considering all the other evidence you believe that single witness.

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence. The law makes no distinction between the weight to be given to direct or circumstantial evidence.

INSTRUCTION 4

I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.  You alone are the judges of the credibility or "believability" of the witnesses and of the weight to be given to the testimony of each of them. In determining the credit to be given to the testimony of any witness, you may take into account the witness's ability and opportunity to observe, the witness's memory, the witness's manner while testifying, any interest, bias or prejudice that the witness may have and the reasonableness of the testimony, considered in light of all the evidence in the case.  Moreover, a witness may be discredited or impeached by contradictory evidence or inconsistent conduct, or by evidence that at other times the witness has made material statements, under oath or otherwise, which are inconsistent with the present testimony of the witness.  If you believe that any witness has been impeached or discredited, it is up to you to give the testimony of that witness only such credit as you think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

INSTRUCTION 5

Interrogatories are written questions asked by one party to another before trial and answered under oath. The questions and answers may be read at trial as evidence. The answers read to you are entitled to the same consideration as any other testimony.

INSTRUCTION 6

Any notes that you have taken during this trial are only aids to your memory.  If your memory differs from your notes, you should rely on your memory and not on the notes.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

INSTRUCTION 7

In this civil case, Plaintiff Joey Perea claims that Defendant Officers Richard Garcia and Isaiah Baker violated his constitutional rights by unlawfully arresting him and using excessive force during his arrest. Plaintiff also claims that Defendants Garcia and Baker committed the tort of battery against him during the arrest.

Defendants' deny Plaintiff's claims, and state that the actions of Defendant Officers Richard Garcia and Isaiah Baker were proper and reasonable under the circumstances.

INSTRUCTION 8

The cases against Defendant Officers Richard Garcia and Isaiah Baker are each separate and distinct cases, and you should decide the issues as if each of these defendants had been sued in a separate, individual lawsuit. Although there is more than one defendant in this action, it does not follow that if one is liable another is liable. Each of the defendants is entitled to a fair consideration of their own defense.

INSTRUCTION 9

In these instructions, I will advise you that a party must establish a claim or defense by the preponderance of the evidence.  To prove an element of a claim by a preponderance of the evidence means to establish that something is more likely true than not true.  To say it differently, if you were to put the evidence favorable to one side and the evidence favorable to the other side on opposite sides of the scales, the party with the burden would have to make the scales tip somewhat on his side to prevail. Evenly balanced evidence is not sufficient.

INSTRUCTION 10

Unreasonable Seizure

Plaintiff Joey Perea claims that Defendants Garcia and Baker, while acting under color of state law as officers for the Police Department of the City of Las Cruces, intentionally violated Plaintiff's constitutional right not to be arrested or seized without probable cause. Under the Fourth Amendment to the United States Constitution, every person has the right not to be seized or arrested without probable cause.

The parties have agreed that the Defendant officers made a warrantless arrest of Plaintiff.

The parties have also agreed that the Defendant officers acted "under color of state law,"

You must decide whether the warrantless arrest of Plaintiff was proper. Barring certain exceptions inapplicable to this case, a warrantless arrest is proper if an officer possesses probable cause that the person arrested has committed, or is committing a criminal offense. Defendants contend that Plaintiff was properly arrested for the crime of obstructing a police officer.  Therefore, Defendants must prove by a preponderance of the evidence that there was probable cause to believe that Plaintiff had committed the crime of obstructing an officer. If Defendants meet this burden, you must find for them on this claim. If they do not, then you must find for Plaintiff on this claim.

INSTRUCTION 11

Probable Cause

A police officer's on-the-scene assessment of probable cause provides legal justification for arresting a person suspected of a crime. Probable cause means facts and circumstances within the officer's knowledge that are sufficient to lead a prudent person, or one of reasonable caution, to believe, in the circumstances shown, that the suspect has committed or is committing a criminal offense.

The analysis of probable cause requires a review of the totality of the circumstances. To determine whether Defendant Officers had probable cause to arrest Plaintiff, you must examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause.

To establish probable cause, proof beyond a reasonable doubt is not required; neither is proof by a preponderance of the evidence. Instead, probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. When determining whether probable cause exists, a police officer is entitled to assess the facts in light of his experience.

You are instructed that police officers can rely upon the accuracy of the information that he learned from the citizen witnesses, police radio dispatchers, and other police officers. Even if an officer possesses no first-hand knowledge of the factual basis for an arrest, the police may pool their information to establish probable cause.

INSTRUCTION 12

Basis for the arrest

You have heard testimony that one basis for Plaintiff's arrest was that he had committed the crime of concealing identity.  Depending on the circumstances, police may have several legitimate reasons for asking a person their name. Officers are permitted to do so.  However, that does not mean that it is a crime for the individual to fail to give their name.  In fact, the Court has found as a matter of law that the Defendants' arrest of Plaintiff could not have been properly based on Plaintiff's refusal to provide his identification.

Nonetheless, the fact that an officer arrested Plaintiff for a crime that was not supported by probable cause is not relevant, so long as that officer has probable cause to arrest Plaintiff for another crime.

Plaintiff was also arrested for violating New Mexico state law by unlawfully obstructing the officers.  Defendants maintain that the arrest was proper on this basis because there was probable cause to believe Plaintiff committed that crime.

In pertinent part, Section 30-22-1 of the New Mexico Statutes Annotated entitled "Resisting, evading or obstructing an officer" makes it a criminal offense for a person "[t]o resist or abuse any peace officer in the lawful discharge of his duties."

Defendants contend that there existed probable cause to charge Plaintiff with obstruction. Specifically, they claim that Plaintiff was ordered not to go back to or get into the vehicle. If this order was lawful, disobeying it would constitute probable cause for the crime of obstruction under New Mexico law.

The lawfulness of the officers' order in this case depends on whether the order was a reasonable exercise of the officers' community caretaker function.  Under the community caretaker function, encounters are initiated by the police for a wide variety of purposes some of which are wholly unrelated to the desire to prosecute crime. In some circumstances, a police officer who is exercising these functions may properly detain a person.

To detain Plaintiff under the community caretaking function, the detention must have been based on specific and articulable facts that reasonably warranted an intrusion upon Plaintiff's liberty. Additionally, the government's interest must outweigh the individual's interest in being free from arbitrary governmental interference. Finally, the

detention must last no longer than is necessary to effectuate its purpose, and its scope must be carefully tailored to its underlying justification.

INSTRUCTION 13

Excessive Force

Plaintiff Joey Perea claims that Defendants Garcia and Baker, while acting under color of state law as officers for the Police Department of the City of Las Cruces, intentionally violated Plaintiff's constitutional right to be free from the use of excessive force during an arrest.

To establish excessive force on the part of an officer, Plaintiff has the burden of proving the following elements by a preponderance of the evidence:

(1)     That as to each officer, that particular officer intentionally used force against Plaintiff;

(2)     That as to each officer, the force that particular officer used was unreasonable;

(3)     That as to each officer, that particular officer's unreasonable force caused Plaintiff an actual non-negligible injury, be it physical or emotional; and

(4)     That as to each officer, that particular officer acted under color of state law.

Every person has the constitutional right not to be subjected to unreasonable or excessive force while being arrested, even if the arrest is otherwise proper.  However, in performing his job or making a lawful arrest, an officer has the right to use force that is reasonably necessary under the circumstances.  Whether or not the force used in making an arrest was reasonable is an issue to be determined by you, on the basis of that degree of force a reasonable and prudent police officer would have applied in effecting the arrest, under the circumstances in this case.

The reasonableness of a particular use of force must be judged from the perspective of reasonable officer on the scene, without the benefit of hindsight.  The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are sometimes tense, uncertain, and rapidly evolving, about the amount of force that is necessary in a particular situation.

In evaluating the reasonableness of the officer's actions, you may consider, among other factors, the severity of the crime in question, whether the suspect posed an immediate threat to the safety of the officers or others, and whether the suspect was actively resisting or attempting to evade arrest.

The reasonableness inquiry is an objective one, so that in deciding whether a Defendant's use of force was unreasonable, you must not consider his underlying motivation or whether his intentions were good or bad.  As I told you earlier, Plaintiff must prove that a defendant intended to use some force against Plaintiff.  Apart from that requirement, however, a defendant's actual motivation is irrelevant.  If the force that a defendant used was unreasonable, it does not matter whether he had good motivations. Similarly, an officer's improper motive alone will not establish excessive force if the force used was objectively reasonable.

For the third element, a Defendant's conduct caused Plaintiff's injuries if Plaintiff would not have been injured without that Defendant's conduct, and the injuries were a reasonably foreseeable consequence of that Defendant's conduct.

For the fourth element, the parties have agreed that each Defendant acted "under color of state law," and you must accept that fact as proven.

INSTRUCTION 14

To establish battery on the part of Defendants Garcia and Baker, Plaintiff has the burden of proving the following elements by a preponderance of the evidence:

(1)    That as to each officer, that particular officer acted intending to cause a harmful or offensive contact with Plaintiff; and

(2)    That as to each officer, an offensive contact with Plaintiff directly or indirectly resulted.

However, under New Mexico law, a police officer making an arrest is privileged to use such force as is reasonably necessary under all the circumstances of the case to take a suspect into custody. Therefore, a police officer will not be liable for battery so long as he acted in good faith and only used the force reasonably necessary under the circumstances. The test for reasonableness in a state law battery claim is analogous to the reasonableness test for excessive force given in Instruction 13. If you find that a Defendant used only the force reasonably necessary under the circumstances, then you must find him not liable for battery.

INSTRUCTION 15

I am now going to instruct you on damages.  You are not to engage in any discussion of damages unless you have first determined that Plaintiff has proved all of the elements of a claim.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not a defendant should be held liable.

If you should decide in favor of Plaintiff on any of his claims, then you must determine an amount that is fair compensation for Plaintiff's damages for each particular claim where you find in favor of Plaintiff.  These damages are called compensatory damages. Plaintiff has the burden of proving damages by a preponderance of the evidence.

The purpose of compensatory damages is to make Plaintiff whole--that is, to compensate Plaintiff for the damage that he has suffered. You may award compensatory damages only for injuries that Plaintiff proves were caused by a defendant's wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which Plaintiff has actually suffered.

Compensatory damages are not limited to expenses that Plaintiff may have incurred because of his injury. You may award Plaintiff damages for any pain, suffering, inconvenience, mental anguish or loss of enjoyment of life that Plaintiff has experienced. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. Further, sympathy or prejudice for or against a party should not affect your verdict and is not a proper basis for determining damages.

Whether damages have been proved by the evidence is for you to determine.  If you find that, before any injury in this case, Plaintiff was already impaired by a physical or emotional condition, Plaintiff is entitled to compensation for the aggravation or

worsening of the condition, but not for elements of damages to the extent they were already being suffered.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

INSTRUCTION 16

If you should decide in favor of Plaintiff on one or more of his claims but decide that Plaintiff has not proved an entitlement to compensatory damages by a preponderance of the evidence, you may award him nominal damages. Nominal damages are a trivial sum of money, usually one cent or one dollar, awarded to a party who has established a right to recover but has not established that he is entitled to compensatory damages.

INSTRUCTION 17

In this case, Plaintiff Joey Perea seeks to recover punitive damages from Defendants Garcia and Baker.  You may consider punitive damages only if (1) you find in favor of Plaintiff on his claim for unreasonable seizure, and/or excessive force, and (2) also find that he should recover compensatory or nominal damages.

To award punitive damages against a particular defendant, you must first find, by a preponderance of the evidence, that the particular defendant's conduct that proximately caused injury or harm to Plaintiff was maliciously, or wantonly, or oppressively done.

An act or a failure to act is maliciously done if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually or toward all persons in any group or category of which the injured person is a member.

An act or a failure to act is wantonly done if done in reckless disregard of, or callous disregard of, or indifference to the rights of, one or more persons, including the injured person.

An act or a failure to act is oppressively done if done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Even if you make these findings, whether or not to make an award of punitive damages is a matter exclusively within your discretion. Punitive damages are awarded for the limited purposes of punishment and to deter others from the commission of similar offenses. The amount of punitive damages must be based on reason and justice, taking into account all the circumstances, including the nature and enormity of the wrong and such aggravating and mitigating circumstances as may be shown. When awarded, the amount of such extraordinary damages must be fixed with calm discretion and sound reason, and must never be either awarded or fixed in amount because of any sympathy, or bias, or prejudice with respect to any party to the case. The property or wealth of a defendant is a legitimate factor for your consideration. The amount awarded, if any, must be reasonably related to the injury and to any damages given as compensation and not disproportionate to the circumstances.

INSTRUCTION 18

Upon retiring to the jury room, and before commencing your deliberations, you will first elect a foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

You will be given the Court's instructions and the special verdict form.  In this case, it will be necessary for you complete the special verdict form.  The special verdict form contains detailed instructions regarding the questions you must answer.

If you recess during your deliberations, follow all of the instructions that I have given you about your conduct during the trial.

If, during your deliberations, you should desire to communicate with me, please put your message or question in writing on one of the forms that my court staff will provide to you.  Your note should be signed by the foreperson and then passed to the court security officer who will bring it to my attention.  Never attempt to communicate with me except by a written note signed by your foreperson.  I will respond as promptly as possible, either in writing or by having you returned to the courtroom.  I will always first disclose to the attorneys your question and my response before I answer your question.  If I reply to you in writing, please leave both the message and the reply in the jury room.  These documents should not be thrown away, even at the conclusion of your deliberations.

Bear in mind always that you are not to reveal to me or to any person how you stand, numerically or otherwise, until you have reached a unanimous verdict.  Do not disclose any vote count in any communications with the Court.

After you have reached your unanimous verdict, your foreperson is to fill in the answers to the questions on the special verdict form and date and sign the form.  The completed, signed special verdict form should then be placed in the envelope that will be provided to you.  After completing the special verdict form, please also send a note to the court security officer indicating that you have reached a verdict and are ready to return to the courtroom.  Again, any notes you pass to the court security officer should not state what your verdict is or how you have voted.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOEY PEREA,

       Plaintiff,

v.                                                CIV 13-561 GBW/LAM

RICHARD GARCIA, *et al.,*

       Defendants.


**<u>SPECIAL VERDICT FORM</u>**

On the questions submitted, the jury finds as follows:

**<u>COUNT I: UNLAWFUL ARREST</u>**

**Question No. 1:**  Do you find that any of the following Defendants arrested Plaintiff without probable cause?

Richard Garcia:         Yes _____    No _____
Isaiah Baker:            Yes _____    No _____

       *Proceed to Question No. 2.*

## COUNT II: EXCESSIVE FORCE

**Question No. 2:**  Do you find that any of the following Defendants used excessive force against Plaintiff?

Richard Garcia:          Yes _____          No _____
Isaiah Baker:             Yes _____          No _____

> *If you answered "Yes" as to any Defendant in Question No. 2, you are to answer Question No. 3 as to that particular Defendant.*
>
> *If you answered "No" for every Defendant in Question No. 2, SKIP Question No. 3 and proceed to the NOTE immediately after Question No. 3.*

## COUNT III: BATTERY

**Question No. 3:**  Do you find that any of the following Defendants committed battery against Plaintiff in violation of New Mexico state law?

Richard Garcia:          Yes _____          No _____;
Isaiah Baker:             Yes _____          No _____.

**NOTE:** *If your answers as to every Defendant in Questions 1, 2, and 3 are all "No" or were skipped pursuant to the instructions, you are not to answer any more questions. Your foreperson must sign this Special Verdict Form on the last page and inform the Court Security Officer that the jury has completed its deliberations. This is your verdict and you will all return to open Court.*

*If you answered "Yes" as to any Defendant in Questions 1, 2, or 3, proceed to Question 4.*

## **DAMAGES**

**Question No. 4:** Do you find that Plaintiff suffered compensatory damages with respect to any of the above claims for which you found in Plaintiff's favor?

Answer:          Yes _____          No _____

If yes, the amount of compensatory damages is $_____

> *If you answered "No" to Question No. 4, you are to answer Question No. 5.*

> *If you answered "Yes" to Question No. 4, you are to SKIP Question No. 5 and proceed to Question No. 6.*

**Question No. 5:** If you answered "No" to Question No. 4, do you find that Plaintiff is entitled to an award of nominal damages with respect to any of the above claims for which you found in Plaintiff's favor?

Answer:          Yes _____          No _____

If yes, the amount of nominal damages is $_____

> *If you answered "No" in Questions No. 4 and 5, you are not to answer any more questions. Your foreperson must sign this Special Verdict Form on the last page and inform the Court Security Officer that the jury has completed its deliberations.*

> *If you answered "Yes" in Question No. 5, you are to answer Question No. 6.*

**Question No. 6:**  *(Answer this question below only for Defendant(s) against whom you answered "Yes" in Question(s) 1, 2, or 3).* Do you find, by a preponderance of the evidence, that the conduct of any of the following Defendants that caused injury or damage to Plaintiff was maliciously, or wantonly, or oppressively done?

Richard Garcia:          Yes _____          No _____
Isaiah Baker:              Yes _____          No _____

> *If you answered "Yes" as to any of the Defendants in Question No. 6, answer Question No. 7 as to each of those Defendants.*

> *If you answered "No" for every Defendant in Question No. 6 or skipped them pursuant to the instructions, do not answer any more questions and have your foreperson sign on the last page of this Special Verdict form.  This is your verdict and you will all return to open Court.*

**Question No. 7**:  *(Answer this question below only for Defendant(s) against whom you answered "Yes" in Question 6).* In your discretion, are punitive damages appropriate for any of the following Defendants in this case?

Richard Garcia:          Yes _____          No _____
Isaiah Baker:              Yes _____          No _____

> *If you answered "Yes" as to any of the Defendants in Question No. 7, answer Question No. 8 as to each of those Defendants.*

> *If you answered "No" for every Defendant in Question No. 7 or skipped them pursuant to the instructions, do not answer any more questions and have your foreperson sign on the last page of this Special Verdict form.  This is your verdict and you will all return to open Court.*

**Question No. 8**: *(Answer this question below only for Defendant(s) against whom you answered "Yes" in Question 7)*  In accordance with the punitive damage instructions given by the Court, we find the total amount of punitive damages that should be awarded against each Defendant to be:

Richard Garcia:          $_____
Isaiah Baker:              $_____

The answers herein constitute the jury's unanimous verdict.


_____          _____
                    Foreperson                                              Date